UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

SHEILA M. LAVOIE,

        Debtor.

_____/

Case No. DT 09-13647
Hon. Scott W. Dales
Chapter 7

SHEILA M. LAVOIE,

        Plaintiff,

v.

RAYMOND LAVOIE and ROBERT
BANNER,

        Defendants.

_____/

Adversary Pro. No. 11-80032

OPINION AND ORDER RE: CORE JURISDICTION

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

Plaintiff Sheila M. LaVoie, a Chapter 7 Debtor ("Plaintiff") filed a complaint against her ex-husband and his divorce attorney, among others, to recover damages arising from supposed violations of the discharge injunction. In substance, Plaintiff seeks damages for the Defendants' alleged contempt of the discharge injunction, alleging that Defendant Raymond LaVoie, with the aid of Defendant Robert Banner, initiated a criminal prosecution against the Plaintiff, post-discharge, to collect a discharged debt.

In their answer, the Defendants challenged the court's core jurisdiction, and declined to consent to the entry of a final judgment as 28 U.S.C. § 157(c) permits in proceedings related to a

bankruptcy case. Accordingly, the court entered its Pretrial Order on April 20, 2011, and set a deadline for the Defendants to brief the issue. Although the Defendants did not accept the court's invitation to be heard on this important, threshold issue, the court has an independent duty to consider its jurisdiction, a duty best-exercised early in the case.

Given the nature of this adversary proceeding and the relief that the Plaintiff requests, the court has ample jurisdiction to enter a final judgment. As set forth in the Pretrial Order, the court has subject matter jurisdiction over the Plaintiff's bankruptcy case under 28 U.S.C. §§ 157 and 1334, and LCivR 83.2(a) (W.D. Mich.).

This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(O) because it involves the administration of the case, and also because a contempt proceeding based on a violation of the discharge injunction that takes effect under 11 U.S.C. § 524(a)(2) is an action "created or determined by a statutory provision of title 11." *See In re Johnson*, 439 B.R. 416, 420 (Bankr. E.D. Mich. 2010) (action for damages relating to discharge injunction is "core proceeding"). Accordingly, the court has authority to hear and determine all issues in this case, subject to appellate review under 28 U.S.C. § 158.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall serve a copy of this Opinion and Order Re: Jurisdiction upon Lawrence P. Hanson, Esq., Raymond LaVoie, Mark A. Gilchrist, Esq., and Ronald A. Schuknecht, Esq., pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: May 09, 2011**